## Greenville Borough Petition

*Bernard Goldstone*, for Attorney General.

*Robert M. Gilkey* and *William J. Joyce*, for Greenville Borough.

McKAY, J., June 26, 1957.—This matter comes before the court upon a petition presented by the Borough of Greenville pursuant to the provisions of the Revised Price Act of June 7, 1917, P. L. 388, 20 PS §1561 et seq., as amended, to approve the sale and conveyance of certain real estate in the Borough of Greenville.

The land in question was formerly owned by the United Presbyterian Church of Greenville and used by it as a cemetery. By quitclaim deed dated January 5, 1934, recorded January 13, 1941, in Deed Book "E", volume 17, page 190, the church quitclaimed the said land to the Borough of Greenville, the deed containing the following limitations as to use of the land: "To be fitted for, held, occupied and used as a public park". The borough has never used the land for park purposes for reasons hereinafter set forth. On September 22, 1956, the borough advertised for bids on said land and upon the opening of bids, at a regular meeting of the borough council on October 8, 1956, the proposal of the St. Michael's Catholic Church in the amount of $2,200 being the only bid submitted, was accepted by the council. The church intends to erect a new parochial high school on the land.

The petition sets forth that the land is not used and not necessary for recreational or park purposes, that it will be to the advantage of the borough to have it sold to the church for the purpose of having a school erected thereon and that the welfare and well-being of the Borough of Greenville will be promoted by conveyance of the land to the church for such intended use. The petition ends with a prayer that the proposed conveyance be approved under the said act and that the title so vested in the church be declared to be in fee simple, free and clear and discharged from all trusts, contingencies and remainders and indefeasible by any party or persons having a present or expectant interest therein.

Upon presentation of the petition, the court fixed April 15, 1957, as the date for hearing and ordered publication of the notice of the filing of the petition and the date of hearing in the Greenville Record-Argus once a week for three weeks. On the latter date the hearing was continued until May 3, 1957, in order

that notice might be given to the Attorney General of Pennsylvania as parens patriæ.

At the hearing on May 3, 1957, the Attorney General was represented by Bernard Goldstone, Esq., of the Mercer County Bar, who stated that it was the position of the Attorney General that no objection would be offered by that official to the proposed petition provided another piece of land is dedicated by the borough for park and recreational purposes similar to that which is the subject of the proposed sale. Testimony presented at the hearing indicated that the land in question has never proved suitable nor been used for park purposes for the reasons that it is divided into two sections by a street, it is too small for practical use as a park and contains a deep gully at the north end. Borough officials testified that the borough owns another piece of land on Alan Avenue along Park Avenue which it intends to dedicate for park purposes, and that the latter piece of land is much larger and many times more valuable than the land which is the subject of this proceeding.

At the conclusion of the hearing the case was continued until June 24, 1957, when evidence was admitted that the borough had, since the earlier hearing, dedicated the said land on Alan Avenue for park purposes.

The Revised Price Act, under which the present petition is drawn, provides that the jurisdiction of the court of common pleas shall vest to confirm the sale of land "(c) In all cases where estates shall have been devised or granted for special or limited purposes"; (Section 2, b-f, 20 PS §1564(c)) "Provided, That such court shall be of the opinion that such decree will be to the interest and advantage of all those interested therein, and without prejudice to any trust, charity, or purpose for which the real estate . . . shall be held, and without the violation of any law which

may confer an immunity or exemption from sale or alienation": Section 1, 20 PS §1561.

Here the estate has been granted for the specific and limited purpose of a public park. It is clear from the evidence that the sale to the church will be to the interest and advantage of all those interested therein. The land in question is unsuited for park purposes and during the 23 years that the borough has owned it, it has not been developed or used as a park for this reason. On the other hand, the proposed use of the land as a school will be to the advantage of the residents of Greenville. No useful purpose can be served by retaining it in its present condition. Similarly, no prejudice will result to any trust, charity or purpose for which the real estate is held provided the proceeds of the sale are devoted to the same purpose as the trust for which the land was held, nor will any law conferring an immunity or exemption from sale or alienation be violated for none is involved in the present proceeding. It would appear, therefore, that the petition should be approved.

Our attention, however, has been called to the case of In re Estate of Elizabeth F. Denny, Deceased, no. 1241 of 1957 in the Orphans' Court of Allegheny County, in which Judge Cox refused a somewhat similar petition. In the Denny case the City of Pittsburgh had accepted the dedication of certain land for use as a public square but had not developed or used it for that purpose. The city petitioned the Orphans' Court of Allegheny County for leave to use the land for proprietary purposes and offered to dedicate and improve a comparable area in the vicinity as a public park. Notwithstanding the court was of the opinion that it was for the best interests of the residents of the area involved for the exchange of park area to be made, the court held that it was without power to effect the exchange inasmuch as the fee simple title remained

in the heirs of the original grantor and the city had no right to divert the land from its limited use as a park to a more general public use or from a public to a private corporate use, ·citing Versailles Township Authority v. McKeesport, 171 Pa. Superior Ct. 377; Bruker v. Carlisle Borough, 376 Pa. 330.

In our opinion the present situation is distinguishable from that which confronted Judge Cox in the Denny case. In the first place, the deed to the borough from the United Presbyterian Church, previously referred to, quitclaims all of the church's interests in the land so that the borough's title rests on more than an acceptance of a dedication. But more important, in the present case the borough is not asking the court to authorize it to use the land in question for proprietary purposes, as was true in the Denny case for which Judge Cox found there was no statutory authority. Instead, the borough has proceeded, under the explicit terms of the Revised Price Act, to petition the court for approval and confirmation of a sale of the land to the church.

Section 10 of the act, 20 PS §1644 provides that: "The purchase-money . . . for the title subject to a . . . limitation, shall be held for and applied to the use and benefit of the same persons and for the same interests . . . as the title, so sold . . . had been subject or held. . . ." Accordingly, the order approving the sale should provide that the proceeds therefrom shall be used for the maintenance and upkeep of public parks in the borough.

### Order

Now, June 26, 1957, the court being of the opinion that the granting of the petition presented in the above entitled case will be to the interest and advantage of all those interested therein, and without prejudice to any trust, charity or purpose for which the real estate shall be held, and without the violation of

any law which may confer an immunity or exemption from sale or alienation,

It is ordered and decreed that the sale and conveyance by the Borough of Greenville to the St. Michael's Catholic Church of Greenville of the land described in the petition in the above entitled case, to wit, all that certain piece or parcel of land situate in the Borough of Greenville, Mercer County, Pennsylvania, bounded and described as follows:

"On the North by land now or formerly of Vincenzo Longietti, a/k/a Vincenzo Langiotti, lands now or formerly of Augustine Longiotti, a/k/a Agostine Lanciotti, and lands now or formerly of E. W. Hodge; on the East by right of way of the Erie and Pittsburgh Railroad Company; on the South by lands now or formerly of L. J. Junk, lands now or formerly of John Brown, lands now or formerly of Harry Thompson and lands of St. Michael's Catholic Church, and on the West by North High Street; having a frontage on North High Street of two hundred forty-one and six tenths (241.6) feet; more or less, and extending back four hundred (400) feet more or less, to said railroad company right of way, on which the frontage is about one hundred (100) feet, be approved and confirmed, and the purchase price thereof in the amount of $2,200 having been heretofore paid by the said church to the said borough, that the said conveyance shall vest title in said premises to the said purchaser or its designate in fee simple, free and clear and discharged from trusts, contingencies and remainders and indefeasible by any party or persons having a present or expectant interest therein."

It is further ordered that the Borough of Greenville shall use the said purchase price of $2,200 for the upkeep and maintenance of public parks in the Borough of Greenville.